UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAT LEVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2403MLM |
| | ) |
| DONALD J. OHL, WILLIAM J. KNAPP, | ) |
| L. DAVID GREEN, and | ) |
| MERILYN HAMLETT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss filed by Defendant Merilyn Hamlett ("Hamlett") and the Motion to Dismiss filed by Defendants Donald J. Ohl, William J. Knapp, and L. David Green. Doc. 6, Doc. 14. Plaintiff Nat Levy ("Plaintiff" or "Levy") filed a Response to Defendants' Motions to Dismiss and a Motion to Strike Exhibits Attached to Defendants' Motions to Dismiss. Doc. 17, Doc. 18. Defendants Ohl, Knapp, and Green filed a Reply to Plaintiff's Response to the Motions to Dismiss and a Response to Plaintiff's Motion to Strike.[1] Doc. 20. Plaintiff filed a Reply to Defendants' Response to the Motion to Strike. Doc. 24. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 29 U.S.C. § 636(c). Doc. 25.

## PLAINTIFF'S MOTION TO STRIKE

The exhibits attached to the Motion to Dismiss filed by Defendants Ohl, Knapp, and Green, each of which is a document of record in Cause No. 01CC3123 in the Circuit Court of St. Louis

---

[1] Defendant Hamlett has adopted the Reply to Plaintiff's Response to the Motions to Dismiss and the Response to Plaintiff's Motion to Strike filed by the other named Defendants. Doc. 22.

County, include: Exhibit A, the Third Amended Petition filed by Defendant Hamlett; Exhibit B, Defendants' Missouri Baptist Medical Center ("Missouri Baptist"), Michael T. Cox, M.D., Paul R. Pfeiffer, D.O., and Nat Trevor Levy, M.D.'s Answer; Exhibit C, Defendant Nat Trevor Levy, M.D.'s Responses to Plaintiff's Fourth Request to Admit; and Exhibit D, Joint Stipulation for Dismissal with Prejudice. The exhibits attached to the Motion to Dismiss filed by Defendant Hamlett include: Exhibit A, the Complaint in the matter under consideration, and Exhibit B, the Release and Settlement Agreement executed between Defendant Hamlett and Missouri Baptist Medical Center relating to Hamlett's Petition in Cause No. 01CC3123.[2] Also, Defendants Ohl, Knapp, and Green attached the following to their Reply: an affidavit in which Hamlett attests to her signing the Release and Settlement Agreement and to the filing of the Third Amended Petition and Plaintiff's Voluntary Dismissal Memorandum with Regard to Defendant, Nat Tevor Levy, M.D., in Cause No. 01CC3123.

Plaintiff contends that the exhibits attached to Defendants' Motions to Dismiss are outside the pleadings and, therefore, cannot be considered pursuant to a motion to dismiss. Plaintiff, alternatively, argues that in order to consider Defendants' exhibits the court must convert Defendants' Motions to Dismiss to motions for summary judgment. Directly on point, the Eighth Circuit has held that a "district court may take judicial notice of public records and may thus consider them on a motion to dismiss." Stahl v. United States Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 802-03 (8th Cir.2002)). Moreover, as noted by the Eighth Circuit in Stahl, "'[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" Id. (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1366, at 491 (2d

---

[2] The Release and Settlement is filed under seal.

2

ed.1990); Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002)).[3] Additionally, when considering a motion to dismiss a court may consider "'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" Cohen v. Nw. Growth Corp., 385 F. Supp.2d 935, 966 (D. S.D. 2005) (quoting In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996) (internal quotations omitted).

First, Plaintiff does not question the authenticity of the exhibits at issue. See id. Second, Defendants' exhibits which Plaintiff contends the court should strike unequivocally are public records in Cause No. 01CC3123, with the exception of the Release and Settlement Agreement and Hamlett's Affidavit, which merely attests to the authenticity of documents in Cause No. 01CC3123. See Stahl, 327 F.3d at 700. Third, while this matter does not arise pursuant to a contract, the Release and Settlement Agreement is a contract which is relevant to Plaintiff's cause of action. While Plaintiff does not attach the Release and Settlement Agreement to his Complaint, his Complaint addresses the State lawsuit filed by Defendant Hamlett against Plaintiff and others; the Release and Settlement Agreement purports to resolve the State court matter. As such, the court will exercise its discretion to accept Defendants' exhibits pursuant to its consideration of Defendants' Motions to Dismiss. See id. See also Auto-Owners Ins. Co. v. Tuggle, 289 F.Supp.2d 1061, 1065 (W.D. Ark. 2003) (holding that the court properly took judicial notice of exhibits consisting of motions, orders, docket entries, and briefs filed in State court)). The court finds, therefore, that Plaintiff's Motion to Strike should

---

[3] In Stahl farmers brought a declaratory judgment action against the Department of Agriculture seeking a determination that they did not owe money pursuant to agreements. The court found that the agreements could be considered pursuant to a Rule 12(b)(6) motion to dismiss although they were not part of the pleadings and stated that in matters involving a contract the court may examine the contract pursuant to a motion to dismiss. Id. (citing In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir.2002); Rosenblum v. Travelbyus.com. Ltd., 299 F.3d 657, 661 (7th Cir.2002)).

be denied. The court further finds that it is not necessary to convert Defendants' Motions to Dismiss to motions for summary judgment in order for the court to consider Defendants' exhibits.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

## BACKGROUND

On or about February 9, 2001, Hamlett filed a civil action against Missouri Baptist, Levy, and others for medical malpractice. After the matter was transferred from the City of St. Louis to St. Louis County, Hamlett filed a Third Amended Petition on November 12, 2001, in Cause No. 01CC3123. Defendant Ohl, of the law firm of Knapp, Ohl, and Green, represented Hamlett in this State court matter. In his Responses to Plaintiff's Fourth Request to Admit in Cause No. 01CC3123 Levy stated that he "admits that he is insured under this claim ... as an employee of Missouri Baptist Medical Center." On November 21, 2002, Plaintiff dismissed, without prejudice, the civil action

against Levy. On July 30, 2003, Hamlett and Missouri Baptist signed a Release and Settlement Agreement whereby Hamlett agreed to release Missouri Baptist, its agents, servants, employees, among others, from liability for the damages which Hamlett alleged in Cause No. 01CC3123. On August 21, 2003, Hamlett and the remaining defendants in Cause No. 01CC3123 entered into a Joint Stipulation for Dismissal with Prejudice.

Levy filed his Complaint in the matter under consideration on November 15, 2005. In his Complaint Levy alleges, in Count I, malicious prosecution on the part of Hamlett in regard to the aforementioned State court civil action and in, Count II, malicious prosecution by Hamlett with Defendant Ohl acting as her agent.

## DISCUSSION

Defendants in their respective Motions to Dismiss allege that Levy's Complaint should be dismissed pursuant to Rule 12(b)(6) because his Complaint is time-barred pursuant to the 2-year statute of limitations applicable to actions for malicious prosecution, Mo. Rev. Stat. § 516.140. Plaintiff argues that because the action against him was dismissed without prejudice on November 21, 2002, applying Missouri's savings statute,[4] the 2-year statute of limitations did not commence to

---

[4] Mo. Rev. Stat. § 516.230 provides:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.

5

run until November 21, 2003 and that, therefore, his Complaint filed on November 15, 2005, is timely.

Arana v. Reed, 793 S.W.2d 224 (Mo. Ct. App. 1990), is directly on point to the issue before this court. In Arana, a physician alleged malicious prosecution on the part of two individuals who had been plaintiffs in a medical malpractice action against the physician and also alleged malicious prosecution on the part of the lawyer who represented the medical malpractice plaintiffs. After noting that Missouri has a 2-year statute of limitations applicable to causes for malicious prosecution, the court in Arana, 793 S.W.2d at 224, 226, held that, "[a] claim for malicious prosecution arises when the underlying proceeding forming the basis of the claim terminates in the plaintiff's favor. Turman v. Schneider Bailey, Inc., 768 S.W.2d 108, 112 (Mo. App.1988)). Termination is effected by a final judgment on the merits, a dismissal by the court with prejudice, or by abandonment of the action. Stix and Co., Inc. v. First Missouri Bank and Trust Co. of Creve Coeur, 564 S.W.2d 67, 70 (Mo. App.1978)."

The underlying process which formed the basis of Levy's claim in that matter under consideration began upon the date upon which the Release and Settlement Agreement was executed, July 30, 2003, as it was on this date that Hamlett abandoned her medical malpractice claim against Missouri Baptist and its employees, including Levy.[5] Arana, 793 S.W.2d at 226. The 2-year statute of limitations, therefore, expired on Levy's claim of malicious prosecution against Hamlett and Ohl

---

[5] Plaintiff argues that pursuant to the Motions to Dismiss this court may not consider that he was an employee of Missouri Baptist and, hence, released pursuant to the Release and Settlement which applied to employees of Missouri Baptist. The court has found above, however, that it may consider public records which records include Plaintiff's admission in Cause No. 01CC3123 that he was an employee of Missouri Baptist.

Also, because Hamlett dismissed Levy *without prejudice*, this dismissal did not trigger the 2-year statute of limitations applicable to claims of malicious prosecution. See Arana, 793 S.W.2d at 226.

6

on July 30, 2005. Levy filed his Complaint in the matter under consideration on November 15, 2005, over three months in excess of the 2-year statutory period. Alternatively, it can be said that Hamlett abandoned her medical malpractice action on August 30, 2003, the date upon which she dismissed Cause No. 01CC3123, *with prejudice*. Stix, 564 S.W.2d at 70. Pursuant to this alternative calculation, Levy's Complaint was filed over two months in excess of the 2-year statutory period.

To the extent that Plaintiff suggests that Missouri's savings clause, Mo. Rev. Stat. §516.230, is applicable, this statute is applicable only where a plaintiff "suffer[s] a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error." Neither the Dismissal with prejudice nor the Release and Settlement Agreement fall within the categories of circumstances under which the savings clause is triggered. The court finds, therefore, that Plaintiff Levy's Complaint in the matter under consideration should be dismissed pursuant to Rule 12(b)(6) as untimely pursuant to the applicable statute of limitations. [6]

## CONCLUSION

For the reasons more fully set forth above, the court finds that Plaintiff's Motion to Strike should be denied. The court further finds that Plaintiff's Complaint was filed in excess of the statute of limitations and that, therefore, that Defendants' Motions to Dismiss should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike is **DENIED**; [Doc. 18]

---

[6] Defendants also contend that Plaintiff's Complaint should be dismissed because his Complaint fails to demonstrate the elements of a cause of action for malicious prosecution. The court need not address this argument as it finds above that Plaintiff's cause of action is barred by the statute of limitations.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Hamlett and the Motion to Dismiss filed by Defendants Ohl, Knapp, and Green are **GRANTED**; [Doc. 6, Doc. 14]

**IT IS FURTHER ORDERED** that the court will issue a separate Order of Dismissal incorporating by reference this Memorandum Opinion.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of March, 2006.